## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRETT GROVES,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**MEDICREDIT, INC.** )<br>)<br>    Defendant. ) | Case No. 0:23CV60875 |

### MEDICREDIT INC.'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION AND
### FOR FAILURE TO STATE A CLAIM

Defendant Medicredit, Inc. moves to dismiss Plaintiff Brett Groves's Complaint pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction because Plaintiff has not alleged any facts to support a concrete injury in fact and therefore lacks standing to bring this case. Should the Court conclude that it has subject matter jurisdiction, Medicredit further moves the Court to dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. As grounds for its Motion, Medicredit states as follows:

1.  Plaintiff asserts a single claim for violation of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. §1692a *et seq.*). *See* Doc. 1.

2.  Plaintiff alleges that he received medical treatment on November 26, 2021 following a work-related accident (Doc. 1, ¶¶ 6,7). Plaintiff alleges that Medicredit sent him a letter attempting to collect the cost of the medical treatment. (Doc. 1, ¶ 1; Doc 1-3).

3.  Plaintiff alleges Medicredit violated the FDCPA by sending the letter (Doc. 1-3) because a provision of Florida Workers' Compensation Law - Fla. Stat. § 440.13(13)(a) – acts as

a shield from liability for the costs associated with care provided as a result of a work-related injury (Doc. 1, ¶ 33-35).

4. Plaintiff seeks statutory and actual damages (Doc. 1, ¶ 39(a)). However, the Complaint fails to allege <u>any</u> facts that Plaintiff sustained any actual damages, much less a concrete injury in fact caused by Medicredit. *See TransUnion LLC v. Ramirez,* 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2205 (2021) (finding under Article III "an injury in law is not an injury in fact").

5. Accordingly, Plaintiff has failed to carry his burden to allege facts showing his standing, leaving this Court without subject matter jurisdiction.

6. In the event the Court concludes that is has subject matter jurisdiction, the case should be dismissed for failure to state a claim for which relief may be granted.

7. On April 11, 2023, Plaintiff filed a complaint against Defendant in the County Court in and for Broward County, Florida (the "State Court Action"). The complaint brought a single claim for violation of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. §1692a *et seq.*).[1]

8. On May 10, 2023, Plaintiff dismissed the State Court Action with Prejudice.[2] Because the State Court Action involves the same parties and issues as the current Complaint, and the State Court Action was dismissed with prejudice, this case is barred under the doctrine of res judicata. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *Sena v. Pereira,* 179 So.3d 433, 435 (Fla. 4th DCA 2015).

9. Should the Court reach the content of the Complaint, the Complaint alleges Medicredit violated the FDCPA by misrepresenting the nature of Plaintiff's alleged debt. Because

---

[1] A copy of the complaint in the State Court Action is attached as Exhibit 1.
[2] A copy of the dismissal in the State Court Action is attached as Exhibit 2.

2

there is no allegation that Medicredit had knowledge that the debt was covered by workers' compensation, there was no violation of the FDCPA as a matter of law and the Complaint fails to state a cause of action.

## **MEMORANDUM OF LAW**

### I. LEGAL STANDARD

Medicredit moves for dismissal under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the Court may accept well-pled facts of the Complaint as true. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.2008). However, allegations that "are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* Moreover, a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement." *Id.* at 678 (holding that well-pleaded complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Here, the Complaint lacks the necessary factual allegations to avoid dismissal.

### a. Subject Matter Jurisdiction, 12(b)(1)

The Complaint must be dismissed for lack of subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. *Ferrer v. Atlas Piles, LLC,* 586 F. Supp. 3d 1286, 1290 (S.D. Fla. 2022). This motion presents a facial attack on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525,

1529 (11th Cir. 1990) (internal quotations omitted). Here, because Plaintiff has failed to allege any injury in fact, he lacks standing to sue and the Court lacks subject matter jurisdiction.

### b. Failure to State a Claim for which relief may be granted, 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft,* 556 U.S. at 678 (cleaned up). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). Here, a case between these parties related to these facts was dismissed with prejudice and is barred from further litigation.

## II.   LACK OF SUBJECT MATTER JURISDICTION.

As the party invoking federal jurisdiction, Plaintiff has "the burden of demonstrating that [he] has standing." *TransUnion LLC*, 141 S.Ct. at 2207. To do so at the pleading stage, Plaintiff "must clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotations omitted). Finally, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 141 S.Ct. at 2208.

To establish standing, Plaintiff must first demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Second, he must establish a causal connection between the injury and the conduct complained of. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Finally, Plaintiff must "demonstrate redressability—a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Vt. Agency of Nat. Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (internal quotations omitted).

The availability of a statutory cause of action *does not* affect the standing analysis. A plaintiff advancing a private statutory right of action, as here, still must show that he "has suffered a concrete harm under Article III." *TransUnion*, 141 S.Ct. at 2205. Courts "cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." *Id*. In other words, an injury in law is not an injury in fact. *Id.* Standing, and thus subject matter jurisdiction, require a concrete injury in fact in all cases for a "case" even to exist. *See id.* A concrete injury must be de facto—that is, it must be real, and not abstract. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020).

Here, Plaintiff fails to allege a concrete injury in fact. Indeed, Plaintiff does not allege any facts that would support an inference that Plaintiff has suffered a tangible injury or the conclusion of actual damages. For example, the Complaint does not allege that Plaintiff made any payments in response to the subject letter or that Plaintiff spent any time or money to investigate whether he should. *See Trichell* at 997. With only alleged statutory violations of the FDCPA void of actual damages, Plaintiff has failed to allege standing and this Court lacks subject matter jurisdiction. *See Gause v. Med. Bus. Consultants, Inc.,* 424 F. Supp. 3d 1175, 1189 (M.D. Fla. 2019) (citing *Nat'l Parks Conserv. Ass'n v. Norton*, 324 F.3d 1229, 1241–42 (11th Cir. 2003)).

### III.   FAILURE TO STATE A CLAIM

Should the Court not dismiss this case for lack of subject matter jurisdiction, Plaintiff's Complaint fails to state a cause of action under Rule 12(b)(6) and should be dismissed.

#### a. The Doctrine of Res Judicata Bars Plaintiff's Claims.

Plaintiff's claims fail as a matter of law because Plaintiff dismissed a nearly identical case against Medicredit, with prejudice. Accordingly, Plaintiff's claims are barred under the doctrine of res judicata.

On April 11, 2023, Plaintiff filed a complaint against Medicredit the State Court Action. *See* Ex. 1. That complaint is nearly identical to the instant Complaint. *Cf.* Ex. 1; Doc. 1. On May 10, 2023, Plaintiff dismissed the State Court Action with Prejudice. *See* Ex. 2. There is no dispute that a voluntary dismissal was within the Plaintiff's right. *See* Fla. R. Civ. P. 1.420(a)(1).

In Florida,[3] res judicata bars subsequent litigation when there has been a prior judgment on the merits and the following identities are present in the prior and current litigation: (1) identity of the thing being sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the persons for or against whom that claim is made. *State Original Brooklyn Water Bagel Co., Inc. v. Bersin Bagel Group, LLC,* 817 F.3d 719, 725 (11th Cir. 2016). The law is also clear that, where these four identities are present, "a voluntary dismissal with prejudice operates as an adjudication on the merits, barring a subsequent action on the same claim." *Dep't of Revenue, ex rel. Cowie v. Orlowski*, 184 So. 3d 1200, 1202 (Fla. 4th DCA 2016). Once dismissed, a Florida trial court's jurisdiction ends. *Pino v. Bank of New York*, 121 So. 3d 23, 32 (Fla. 2013). Here, the State Court Action was voluntarily dismissed with prejudice and is barred from further litigation in this Court.

After Plaintiff filed the present case with this Court, Plaintiff filed notices in the State Court Action attempting to strike the dismissal with prejudice in exchange for a dismissal without prejudice.[4] However, the effect of a voluntary dismissal under rule 1.420(a) "is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction'." *Randle–E. Ambulance Serv., Inc. v. Vasta*, 360 So.2d 68, 69 (Fla.

---

[3] When determining whether res judicata applies, federal courts look to the law of the state in which they sit. *Original Brooklyn Water Bagel Co., Inc. v. Bersin Bagel Group, LLC*, 817 F.3d 719, 725 (11th Cir. 2016).

[4] Copies of the notices in the State Court Action are attached as Exhibit 3.

1978).  As a result, Plaintiff's attempt to rescue the dismissal with prejudice has no effect.  Plaintiff cannot undue an "adjudication on the merits" and the state court is without jurisdiction to take any action. Because the State Court Action brought the same legal and factual case as pled with the current Complaint, and the State Court Action was dismissed with prejudice, this case should be dismissed because re-litigation of the same case is barred by res judicata. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *Sena v. Pereira,* 179 So.3d 433, 435 (Fla. 4th DCA 2015); *Dep't of Revenue, ex rel. Cowie v. Orlowski*, 184 So. 3d 1200, 1202 (Fla. 4th DCA 2016).

### b.  The Complaint Lacks Factual Support to State a Claim as a Matter of Law.

Plaintiff alleges that Medicredit violated the FDCPA by sending a letter that falsely represented the character of the subject debt because the statement indicated the Plaintiff is responsible or obligated to pay the debt. (Doc. 1, ¶ 36). To establish an FDCPA claim, a plaintiff must plead; 1) the plaintiff was the object of a collection activity arising from consumer debt; 2) the defendant is a debt collector as defined by the FDCPA; and 3) the defendant must have engaged in an act or omission prohibited by the FDCPA.  *Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1367 (S.D. Fla. 2017).

Here, the Complaint hinges on two questions: (1) was the debt covered by workers' compensation and (2) did Medicredit know that the Plaintiff's debt was covered by workers' compensation. The only allegation in the Complaint to support these necessary elements is that "Plaintiff informed [Aventura Trauma Specialists] that the sought treatment was for the Work-Injury" (Doc. 1, ¶ 8). This single point of information is insufficient as a matter of law because it fails to provide Medicredit the Plaintiff's employer or the workers' compensation insurance carrier that may have been responsible for the debt.

In Florida, the patient, as well as the hospital, share the responsibility of the reporting requirements of Section §440.13, Florida Statutes. *See Guardian Detective & Sec. Agency v. Schreyer*, 489 So.2d 1186, 1188 (Fla. 1st DCA 1986). Plaintiff is not insulated from financial responsibility unless and until an employer or worker's compensation carrier accept responsibility. *See Sansone v. Crum*, 201 So. 3d 1289, 1291 (Fla. 1st DCA 2016). This is important because employer responsibility is not automatic. *See id.; Sullivan v. NUC02, LLC/Broadspire*, 308 So. 3d 659, 662 (Fla. 1st DCA 2020). Here, Plaintiff has not alleged that the employer or workers' compensation carrier were aware much less accepted responsibility for any medical care. As a result, Plaintiff fails to allege that the debt was covered by workers' compensation and fails to state a cause of action.

Even if the reference to a "Work-Injury" is sufficient to put a physician on notice, the treating physician's knowledge of the nature of a patient's treatment is not sufficient to impart knowledge of this fact to the hospital billing department. *Schreyer,* 489 So. 2d at 1188. Because the Plaintiff's allegations are insufficient to establish Medicredit had knowledge of a work-related accident, the allegation that Medicredit falsely represented the nature of the alleged debt fails to state a cause of action, fails as a matter of law and should be dismissed.

WHEREFORE, Defendant Medicredit, Inc respectfully requests that the Court enter an order dismissing the Complaint with prejudice.

SL 6017619.1

Respectfully submitted,

SPENCER FANE LLP

By: */s/ Drew P. O'Malley*
Drew P. O'Malley
Florida Bar No. 106551
201 North Franklin Street, Suite 2150
Tampa, FL 33602
Phone: 813-424-3500
Facsimile: 813-405-8904
domalley@spencerfane.com
jryan@spencerfane.com
ecoutu@spencerfane.com
*Counsel for Medicredit, Inc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of June, 2023, the foregoing document was filed electronically with the Clerk of the Court, to be served by the CM/ECF's electronic notification system upon all attorneys of record.

*/s/ Drew P. O'Malley*
*Attorney*