UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRETT GROVES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | )     Case No. 0:23-cv-60875-RNS |
| | ) |
| **LAWNWOOD HEALTHCARE** | ) |
| **SPECIALISTS LLC** d/b/a | ) |
| **AVENTURA TRAUMA SPECIALISTS** | ) |
| and **MEDICREDIT, INC.** | ) |
| | ) |
|     **Defendants.** | ) |

### DEFENDANTS JOINT OBJECTION TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Lawnwood Healthcare Specialists LLC d/b/a Aventura Trauma Specialists ("Aventura") and Medicredit, Inc. ("Medicredit") (together the "Defendants") object to the Plaintiff's motion for leave to amend the complaint because Plaintiff has not provided the Court with any justification to support yet another amendment. The proposed "Second Amended Complaint" adds one (1) additional allegation with reference to an unrevealed exhibit that can only be designed to avoid dismissal. As grounds for its Motion, Medicredit states as follows:

1. Plaintiff filed his original complaint against Medicredit on April 11, 2023, in The County Court Of The 17th Judicial Circuit In And For Broward County, Florida (the "First Complaint"). Doc. 6-1. Medicredit filed a Motion to Dismiss and Plaintiff dismissed to refile in this Court.

2. The Plaintiff's first federal complaint was filed on May 10, 2023, and was virtually the same as the First Complaint. *See* Doc. 1 (the "Second Complaint"). The First and Second Complaints did not allege any actual damages.

3. On June 8, 2023, Medicredit filed a motion to dismiss the Second Complaint because it too failed to allege actual damages. *See* Doc. 6. On June 22, 2023, Plaintiff responded by filing what is now the First Amended Complaint as a matter of right. *See* Doc. 8 (the "Third Complaint"). Plaintiff's Third Complaint added a claim against Aventura Trauma Specialists and a new laundry list of alleged damages.

4. Both Medicredit and Aventura filed motions to dismiss the Third Complaint for plaintiff's lack of standing and failure to state claims against them. *See* Doc. 12, 14.

5. Now, on July 27, 2023, the Plaintiff has presented a second amended complaint. *See* Doc 21-1 (the "Fourth Complaint"). This Fourth Complaint adds 1 new allegation at ¶46. *See* Doc 21-1, page 6. The exhibit referenced therein is absent.

## ARGUMENT

As the movants, Plaintiffs bear the burden under Rule 15. *See Streaminn Hub Inc. v. Gayle*, 2020 WL 4501801, at *1 (S.D. Fla. May 11, 2020). Plaintiff has failed to carry the burden in this instance. Plaintiff argues that leave to amend should be freely given under Rule 15(a)(2) but has provided no justification for how the interest of justice is served. *See id*. Plaintiff's motion argues that leave should be granted based on a liberal policy for amendments when in the interest of justice. As noted in other jurisdictions, rule 15(a) is not a shield against dismissal to be invoked as a fallback position in response to a dispositive motion. *DeBlasio v. Merrill Lynch & Co., Inc.*, 2009 WL 2242605, at *41 (S.D.N.Y. July 27, 2009). This appears to be Plaintiff's strategy.

In addition, the Plaintiff has provided nothing to the Court to justify this Fourth Complaint. The one (1) new allegation referenced an exhibit that has not been provided. "As a result, the Court has 'no inkling of what [the] amendment might look like or what additional facts may entitle [the Plaintiff] to relief.' " *545 Halsey Lane Properties, LLC v. Town of Southampton*, 45 F.Supp.3d

257, 267 (E.D.N.Y. 2014); *see also Huang v. Presbyterian Church*, 346 F.Supp.3d 961 (E.D.Ky.2018) (denying leave to file an amended complaint in part because plaintiff the record did not allow the court to reach a reasoned decision on plaintiff's non-specific amendment request).

In a circumstance as this, where the Plaintiff has used previous amendments to avoid dismissal, denial is appropriate and clearly within the discretion of the court. *See Williams v. Lewis*, 342 F.2d 727, (4th Cir 1965) (denying motion for leave to file another amended complaint because the amended complaint was substantially the same as the previous complaints).

WHEREFORE, Defendants Lawnwood Healthcare Specialists LLC d/b/a Aventura Trauma Specialists and Medicredit, Inc. respectfully requests that the Court deny the Plaintiff's Motion for Leave to Amend the Complaint and for all other relief the Court deems right and just.

Respectfully submitted,

/s/ *Drew P. O'Malley*
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone: 813-424-3500
Facsimile: 813-405-8904
domalley@spencerfane.com
jryan@spencerfane.com
ecoutu@spencerfane.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 1st day of August 2023, a true copy of the foregoing has been electronically filed with the Clerk of Court through the Courts' CM/ECF E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF E-Filing Portal.

    /s/ *Drew P. O'Malley*
    Attorney