United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brett Groves, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-60875-Civ-Scola |
| Medicredit, Inc and Lawnwood Healthcare Specialists LLC, dba Aventura Trauma Specialists, Defendants. | ) ) ) ) ) |

**Order Granting Leave to Amend**

Plaintiff Brett Groves complains that Defendants Medicredit, Inc and Lawnwood Healthcare Specialists LLC, dba Aventura Trauma Specialists, violated, respectively, the federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act in relation to medical costs incurred as the result of a workplace injury. (Am. Compl., ECF No. 8.) Previously, Groves filed his amended complaint, as a matter of right. He now seeks leave to amend in order to address purported standing deficiencies previously identified by the Defendants. (Pl.'s Mot., ECF No. 21.) The Defendants oppose the amendment, complaining Groves is simply seeking to avoid dismissal and has failed to justify the amended pleading. (Defs.' Resp., ECF No. 22.) Groves has timely replied. (Pl.'s Reply, ECF No. 23.) After review, the Court **grants** Groves's motion for leave to amend (**ECF No. 21**).

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *3 (S.D. Fla. Feb. 11, 2020) (Bloom, J.).

According to Groves, his proposed amendment will cure Article III standing deficiencies previously identified by the Defendants. While the Defendants complain that Groves's proposal provides nothing new that would justify the amendment, they do not argue that the amendment would be futile. Nor do the Defendants otherwise identify any indications of undue delay or any prejudice

they would suffer as a result of the amendment. Because the Defendants have pointed no "substantial reason . . . to deny leave to amend," the Court finds its "discretion . . . not broad enough to permit denial" in this case. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

Accordingly, the Court **grants** Groves's motion for leave to amend (**ECF No. 21**) and orders him to **immediately** file the amended pleading as a separate docket entry. Further, the Court orders the Defendants to respond to the amended complaint on or before **October 30, 2023**. Finally, the Court lifts the stay of discovery in this case.

**Done and ordered** in Miami, Florida, on October 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge